UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS VALDEZ JR., <br><br> Plaintiff, <br><br> v. <br><br> CDCR, et al., <br><br> Defendants. | Case No. 1:23-cv-01729-HBK (PC) <br><br> ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES <br><br> MARCH 15, 2024 DEADLINE |

Jorge Luis Valdez Jr. is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. (Doc. Nos. 1, 12). Plaintiff acknowledges on the face of his Complaint that he has not exhausted his administrative remedies. (Doc. No. 1 at 3). Specifically, under the section of the form Complaint entitled "Exhaustion of Administrative Remedies" Plaintiff answers the question "Is the [grievance] process completed?" by stating "Yes and No" and indicates that two of the grievances concerning the incidents giving rise to the Complaint are still "pending." (*Id.*).

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a condition precedent to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a

precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 93. A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. *Id.* at 218. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Based on the face of the Complaint, Plaintiff did not exhaust his administrative remedies as to his constitutional claims prior to filing this case. While a "mixed complaint" that contains exhausted and unexhausted claims need not be dismissed in its entirety based on failure to exhaust administrative remedies, "when a plaintiff's 'mixed' complaint includes exhausted and unexhausted claims that are closely related and difficult to untangle, dismissal of the defective complaint with leave to amend to allege only fully exhausted claims, is the proper approach." *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005). Here, Plaintiff's claims appear to be closely related and are difficult to untangle. Plaintiff does not specify which grievances pertain to which incidents but notes that two of them—one of which was exhausted, and one unexhausted—"concern[ ] similar issues." (Doc. No. 1 at 3).

Consequently, before screening the Complaint, Plaintiff shall show cause in writing why his claims should not be dismissed for failure to exhaust his administrative remedies. In other words, Plaintiff is required to first fully and completely all steps of the administrative process available at his correctional institution before he may commence an action in federal court. Plaintiff is warned that if he commenced this action before exhausting his administrative remedies, a dismissal of his Complaint on this basis would count as a strike under 1915(g). *El-*

*Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).[1]  Alternatively, to avoid a strike, Plaintiff may file a notice to voluntarily dismiss this claim <u>without</u> <u>prejudice</u> under Fed. R. Civ. P. 41.  Plaintiff may then refile a new complaint in a new action after he fully exhausts his administrative remedies.  Failure to respond to this Order will result in the recommendation that this action be dismissed for failure to exhaust and/or failure to comply with a court order.

Accordingly, it is **ORDERED**:

1. No later than March 15, 2024, Plaintiff shall deliver to correctional officials for mailing his response to the order and show cause why this action should not be dismissed for his failure to exhaust his administrative remedies before filing suit.  Alternatively, by this same date, Plaintiff deliver a "notice of voluntarily dismissal without prejudice under Fed. R. Civ. P. 41" to avoid a strike.

2. Plaintiff's failure to timely to respond to this order will result in the recommendation that this action be dismissed for Plaintiff's failure to exhaust his administrative remedies prior to initiating this action and/or failure to comply with a court order.

Dated:   February 8, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Under § 1915(g), prisoners who have brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).