UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-01729-HBK (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. No. 19) |

Currently before the Court is Plaintiff's response, filed February 29, 2024, to the Court's February 8, 2024 order to show cause why Plaintiff's Complaint should not be dismissed for failure to exhaust administrative remedies. (Doc. No. 8). In his response, Plaintiff acknowledges that the face of his Complaint indicates he did not exhaust his administrative remedies, but attributes this to Defendants "divert[ing] [his grievances] due to this lawsuit being against them." (*Id*. at 1). Further, the response asserts that "Plaintiff's life and safety has been placed in jeopardy with retaliation. Therefore, I plaintiff reconsidered any further filing of grievances." (*Id*.). Liberally construed, Plaintiff appears to contend that the grievance process was unavailable to him.

Considering Plaintiff's averments, the Court will discharge the order to show cause.[1] The

---

[1] The Court's discharge of the order to show cause should not be implied as a ruling on the exhaustion issue. A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be

1

Court will screen Plaintiff's pending Complaint in due course.

Accordingly, it is hereby **ORDERED**:

1. The February 8, 2024 Order to Show Cause, (Doc. No. 19), is DISCHARGED.
2. The Court will screen Plaintiff's Complaint in due course.

Dated:   March 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007).  A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement.  *Id.* at 218.